UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tamara Renee York-Tallman,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Comcast Corp, Jason S. Armstrong, and Brian L. Roberts,<br><br>　　　　　Defendants. | Case No. 23-CV-2673 (SRN/ECW)<br><br><br><br>**ORDER** |

Tamara Renee York-Tallman, 1360 University Ave. W., Suite 109, St. Paul, MN 55104, *pro se*.

SUSAN RICHARD NELSON, United States District Judge

　　This matter is before the Court on Plaintiff Tamara Renee York-Tallman's (1) Complaint [Doc. No. 1 ("Complaint")] and (2) amended Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 4 ("Amended IFP Application")]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DISMISSES** this action as frivolous under 28 U.S.C. § 1915(e)(2) and **DENIES** the Amended IFP Application as moot.

　　The Court received the Complaint on August 29, 2023. (*See* Docket.) It names three Defendants: (1) "Comcast Corp," which the Court construes as referring to Comcast Corporation ("Comcast"); (2) Jason S. Armstrong, whom York-Tallman identifies as

Comcast's chief financial officer; and (2) Brian L. Roberts, whom York-Tallman identifies as Comcast's chief executive officer.  (*See* Compl. 1–2; Doc. No. 1-1 at 3–4.[1])

It appears that several pages of the Complaint are missing.  (*See, e.g.*, Compl. 6 (starting in middle of paragraph).)  But York-Tallman has already submitted a broadly similar complaint to this Court against a different defendant.  (*See* Compl. and Demand for Jury Trial, *Yorktallman v. Westlake Fin. Servs.*, No. 23-CV-2671 (SRN/DLM) (D. Minn. Aug. 29, 2023).)  The Court thus assumes that York-Tallman purports to raise the same arguments here that she raised there.  As with the Complaint in No. 23-CV-2671, the thrust of this action is York-Tallman's claim that Comcast wrongly believes that she owes Comcast money.  She has apparently made certain representations about this to Comcast as well as Armstrong and Roberts.  They apparently have not accepted her position; as a result, she claims, they have violated certain federal-law provisions and breached a contract with her.  (*See* Compl. 6–11; Doc. No. 1-1 at 3.)

Rather than pay this action's filing fee, Yorktallman has applied to proceed *in forma pauperis* ("IFP").  Under the federal statute governing IFP proceedings, as relevant here, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous . . . ."  A case is frivolous when "'it lacks an arguable basis either in law or in

---

[1] Citations to filed materials use the page numbers provided by the District of Minnesota's CM/ECF filing system.

2

fact.'" With respect to legal frivolity, a matter lacks an arguable legal basis if it is "based on an indisputably meritless legal theory."

The exact theory by which Yorktallman claims to be debt-free vis-à-vis Comcast is hard to follow. Any fair reading of the Complaint, though, shows that Yorktallman depends here on some theory of personhood in which she can somehow split her identity into various facets, then shift debts or other burdens from one role to another, somehow leaving one entity free and clear. The Complaint contains various references to "cestui que trusts" [*see, e.g.*, Compl. 7; Doc. No. 1-1 at 4], and as courts have noted, such phrasing is a common theme in suits by so-called sovereign citizens. The Court therefore construes the Complaint as presenting sovereign-citizen-type claims.

Courts in this District commonly reject sovereign-citizen claims as frivolous. Nothing in the Complaint makes Yorktallman's claims look any more plausible than those that courts routinely dismiss out of hand. The Court therefore dismisses this action under 28 U.S.C. § 1915 as frivolous. And since Yorktallman has no obvious way to remedy the Complaint's problems, the Court will therefore dismiss this action with prejudice.

Because the Court is dismissing this action in its entirety, it also denies the Amended IFP Application as moot.

**ORDER**

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Tamara Renee York-Tallman's Complaint [Doc. No. 1] is **DISMISSED** with prejudice, as frivolous, under 28 U.S.C. § 1915(e)(2).

2. Yorktallman's amended Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 4] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  Wednesday, October 25, 2023         *s/ Susan Richard Nelson*
                                            Susan Richard Nelson
                                            United States District Judge